UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Kelly Gurto, *on behalf of herself and others similarly situated*, | ) Case No: <br> ) <br> ) CLASS ACTION COMPLAINT |
| Plaintiff, | ) <br> ) JURY TRIAL DEMANDED |
| v. | ) <br> ) |
| Nationwide Recovery Service, Inc. | ) <br> ) |
| Defendant. | ) <br> ) |

**Nature of this Action**

1.  Kelly Gurto ("Plaintiff") brings this class action against Nationwide Recovery Service, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to telephone numbers assigned to a cellular telephone service after being told by call recipients to stop future calls.

3.  Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts.

**Jurisdiction and Venue**

4.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**Parties**

6. Plaintiff is a natural person who at all relevant times resided in Alexandria, Virginia.

7. Defendant is a company located in Norcross, Georgia.

8. Defendant is a "collection agency [that] provides post-charge off services on the name of the agency."[1]

9. Defendant's "services are designed . . . to accelerate the liquidation of receivables."[2]

10. Defendant is an entity that at all relevant times was engaged, by use of the telephone, in the business of attempting to collect from Plaintiff a medical "debt"—in default—as defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant holds a Public Utilities Commission of Texas Automatic Dial Announcing Device permit.[3]

**Factual Allegations**

13. Sometime in 2018, Defendant began placing calls to Plaintiff's cellular telephone number—(440) 536-XXXX.

---

[1] http://nrsagency.com/Services/Receivables.php

[2] http://nrsagency.com/Services/

[3] An Automatic Dial Announcing Device "is the mechanism that sends an unsolicited recorded message to your home or workplace and could leave such a message on your answering machine." https://www.puc.texas.gov/industry/communications/business/adad/adad.aspx. Per the Texas Public Utilities Commission, "[a]ny individual or company wishing to make an unsolicited call via an ADAD machine or software, in which a recorded message is played, should file for an ADAD permit application PRIOR to engaging in such calls." *Id*.

14. In connection with at least one of its calls, Defendant delivered a prerecorded or artificial voice message to Plaintiff's cellular telephone number.

15. Plaintiff answered one of Defendant's calls to her cellular telephone number—on or about February 16, 2018—at which time she spoke to one of Defendant's representatives and instructed Defendant to stop placing calls to her cellular telephone number.

16. Defendant, however, continued to place calls to Plaintiff's cellular telephone number.

17. Plaintiff then answered another one of Defendant's calls to her cellular telephone number—on or about February 22, 2018—at which time she again spoke to one of Defendant's representatives and once more instructed Defendant to stop placing calls to her cellular telephone number.

18. Defendant, however, continued to place calls to Plaintiff's cellular telephone number.

19. Plaintiff then answered another one of Defendant's calls to her cellular telephone number—on or about April 17, 2018—at which time she again spoke to one of Defendant's representatives and once more instructed Defendant to stop placing calls to her cellular telephone number.

20. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

21. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice,

Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

22. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including the use of an artificial or prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

23. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

24. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

25. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

26. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

27. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

29. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

30. Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

31. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system and an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

32. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

> *TCPA class*: All persons throughout the United States (1) to whom Nationwide Recovery Service, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) after Nationwide Recovery Service, Inc. was instructed to stop placing calls to his or her telephone number.

*FDCPA class*: All persons throughout the United States (1) to whom Nationwide Recovery Service, Inc. placed, or caused to be placed, a call, (2) within the one year preceding the date of this complaint through the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after Nationwide Recovery Service, Inc. was instructed to stop placing calls to his or her telephone number.

33. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

34. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

35. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

36. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

37. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

38. Plaintiff's claims are typical of the claims of the members of the classes.

39. As it did for all members of the TCPA class, Defendant used an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number after being instructed to stop calling.

40. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

41. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

42. Plaintiff suffered the same injuries as the members of the classes.

43. Plaintiff will fairly and adequately protect the interests of the members of the classes.

44. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

45. Plaintiff will vigorously pursue the claims of the members of the classes.

46. Plaintiff has retained counsel experienced and competent in classes action litigation.

47. Plaintiff's counsel will vigorously pursue this matter.

48. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

49. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

50. Issues of law and fact common to all members of the classes are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing cellular telephone numbers after being told to stop calling;

   b. Defendant's violations of the TCPA;

   c. Defendant's violations of the FDCPA;

   d. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   e. Defendant's status as a debt collector as defined by the FDCPA;

   f. The availability of statutory penalties; and

   g. The availability of attorneys' fees and costs.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

52. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

53. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

54. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

55. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

56. The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

57. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

58. There will be little difficulty in the management of this action as a classes action.

59. Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-59.

61. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number without her consent.

62. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA class are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 15 U.S.C. § 1692d

63. Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-59.

64. By calling Plaintiff after Plaintiff instructed Defendant to stop calling her, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 15 U.S.C. § 1692d;

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the proposed TCPA class.

f) Awarding Plaintiff and the classes damages under 47 U.S.C. § 227(b)(3)(B) and 15 U.S.C. § 1692k(a)(1);

g) Awarding Plaintiff and the TCPA class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k(a)(1)(3);

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: April 27, 2018

/s/ Joshua Erlich
Joshua Erlich (Virginia Bar No.: 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
jerlich@erlichlawoffice.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes